```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
```
--------------------------------------

TODD HAVEN, on behalf of G.H., and
CHRISTINE HAVEN, on behalf of G.H.,

          Plaintiffs,

    -v-                                 3:20-CV-278

WHITNEY POINT SCHOOL DISTRICT,

          Defendant.

--------------------------------------

APPEARANCES:                              OF COUNSEL:

LANOUETTE LAW OFFICES, PLLC       RONALD J. LANOUETTE, JR., ESQ.
Attorneys for Plaintiffs
53 Chenango Street, Suite 700
Binghamton, NY 13901

OFFICE OF FRANK W. MILLER          FRANK W. MILLER, ESQ.
Attorneys for Defendant                 GIANCARLO FACCIPONTE, ESQ.
6575 Kirkville Road
East Syracuse, NY 13057

DAVID N. HURD
United States District Judge

## MEMORANDUM–DECISION and ORDER

## I. INTRODUCTION

On November 1, 2019, plaintiffs Todd and Christine Haven (the "Havens" or "plaintiffs") filed this action in Broome County Supreme Court on behalf of their daughter ("G.H.")[1] against defendant Whitney Point School District (the "District" or "defendant"). According to plaintiffs, defendant violated G.H.'s civil rights by failing to correct certain

---

[1] Because she is a minor, only the child's initials will be used. FED. R. CIV. P. 5.2(a)(3).

mistreatment she received at the hands of the District's field hockey coach and other athletics department personnel.

On March 10, 2020, the District removed the Havens' action to federal court and, on May 18, 2020, moved under Federal Rule of Civil Procedure ("Rule") 12(b)(5) to dismiss plaintiffs' action for insufficient service of process. Although a response was due on June 15, 2020, plaintiffs have failed to oppose the motion. Accordingly, the motion will be considered on the basis of the available submissions without oral argument.

## II. BACKGROUND

The following facts are taken from the Havens' operative pleading, Dkt. No. 1, and are assumed true for the purpose of resolving the motion to dismiss.[2]

The District serves the Village of Whitney Point, New York, where the Havens and their daughter, an avid field hockey player, reside. *See* Summons ¶¶ 4-5. At the time of the events giving rise to plaintiffs' suit, G.H. played field hockey on defendant's "modified" team.[3] *Id.* ¶ 5. In the spring of 2018, G.H. "was invited to play in several field hockey games with Junior Varsity and Varsity players." *Id.* ¶ 8. However, during the selection process for the 2018–2019 season, G.H. was not selected for either team. *Id.* ¶¶ 6, 9, 10. According to plaintiffs, this snubbing resulted from ongoing "abuses and issues that the parents and the child" were experiencing with Nicole Huston ("Huston"), defendant's head field hockey coach. *Id.* ¶¶ 6-7.

On August 2, 2018, the Havens met with Huston and other District officials to discuss why G.H. had not been permitted to move up to defendant's junior varsity field hockey

---

[2] The Havens initiated this litigation by filing and serving a Summons with Notice. Dkt. No. 6-4.

[3] The governing body for interscholastic sports in most New York public schools considers "modified competition" to be appropriate for students in grades seven through nine. *See, e.g.*, http://www.nysphsaa.org/Portals/0/PDF/Handbook/2018-2019.

team.  Summons ¶¶ 6, 11.  Plaintiffs used this meeting to air their grievances with defendant's athletics department employees in general and with Huston in particular.  *Id*. ¶ 12.  Although defendant's athletics director acknowledged that defendant was not strictly following certain internal policies, the school sided with Huston and refused to move G.H. up to the junior varsity team.  *Id*. ¶¶ 12-16.  Instead, the superintendent threatened to ban G.H.'s parents from attending games.  *Id*. ¶ 17.

After this meeting, the older players stopped inviting G.H. to play field hockey with them.  Summons ¶ 16.  The Havens filed a complaint with the New York State Public High School Athletic Association ("NYSPHSAA"), the governing body for high school sports, but claim the organization refused to investigate the matter.  *Id*. ¶ 20.

## III. <u>LEGAL STANDARD</u>

Rule 12(b)(5) authorizes a defendant to move for pre-answer dismissal of a pleading for insufficient service of process.  FED. R. CIV. P. 12(b)(5).  "[W]hen a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service."  *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010) (quoting *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)).  "In deciding a Rule 12(b)(5) motion, a court looks to materials outside of the pleadings to determine whether service of process has been sufficient."  *Jordan v. Asset Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 594 (E.D.N.Y. 2013) (cleaned up).  If service is found to be insufficient, the court may grant plaintiff leave to cure the insufficiency or dismiss the action.  *See, e.g.*, *DiFillippo v. Special Metals Corp.*, 299 F.R.D. 348, 353 (N.D.N.Y. 2014) (D'Agostino, J.).

## IV. <u>DISCUSSION</u>

The Havens' pleading alleges the District violated G.H.'s civil rights when it refused to move her up to the junior varsity or varsity field hockey teams.  Plaintiffs assert claims under

42 U.S.C. §§ 1981, 1983, Title IX of the Education Amendments Act of 1972, and related state law. *See* Summons ¶ 21. Defendant, for its part, contends that the pleading must be dismissed in its entirety because plaintiffs failed to timely serve a complaint. Def.'s Mem., Dkt. No. 6-1, 11-15.[4]

"Although the Federal Rules of Civil Procedure apply to actions after removal, 'state law governs the sufficiency of process *before* removal.'" *Mecca v. Lennon*, 2017 WL 1410790, at *3 (E.D.N.Y. Apr. 18, 2017) (quoting *G.G.G. Pizza, Inc. v. Domino's Pizza, Inc.*, 67 F. Supp. 2d 99, 102 (E.D.N.Y. 1999)). "Because Plaintiff served process on Defendant prior to removal, 'the propriety of service must be determined by reference to state law.'" *Id.* (quoting *PH Int'l Trading Corp. v. Nordstrom, Inc.*, 2009 WL 859084, at *3 (S.D.N.Y. Mar. 31, 2009)).

Under New York law, a plaintiff in receipt of a demand for a complaint must complete service within twenty days. N.Y.C.P.L.R. § 3012(b). "To avoid dismissal of the action for failure to serve a complaint after a demand for the complaint has been made pursuant to CPLR 3012(b), a plaintiff must demonstrate both a reasonable excuse for the delay in serving the complaint and a potentially meritorious cause of action." *Mecca*, 2017 WL 1410790, at *3 (quoting *Carducci v. Russell*, 993 N.Y.S.2d 119, 121 (N.Y. App. Div. 2d Dep't 2014)). "The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the court." *Id.* (citation omitted).

As the District's uncontroverted submissions show, the Havens electronically filed the Summons with Notice on November 1, 2019. *See* Dkt. No.1 at 5. Plaintiffs served this summons on defendant about four months later, on March 2, 2020. Facciponte Aff., Dkt. No. 6-2 ¶ 4. Thereafter, defendant served plaintiffs with a written demand for a complaint on

---

[4] Pagination corresponds with CM/ECF.

March 10, 2020.  *Id.* ¶ 8.  Although defendant at one point indicated that it would agree to a short extension of this deadline, Ex. 3 to Facciponte Aff., Dkt. No. 6-6, plaintiffs' counsel never followed through or memorialized this request on the electronic docket.  And to date, plaintiffs have failed to take any further action.  *See* Facciponte Aff. ¶ 3.

The Havens have not offered any excuse, let alone a reasonable one, for the ongoing delay.  Indeed, plaintiffs have not responded to the District's motion in this Court at all.  Further, an independent review of the facts alleged in the summons reveals no meritorious federal claims that might justify the exercise of federal jurisdiction.

As the District points out, the Havens' federal claims seem to be based on Huston's refusal to move G.H. up to the school's Junior Varsity or Varsity field hockey teams.  But plaintiffs cannot vindicate this dispute using § 1983, since there is no constitutional due process right to participate in interscholastic athletics.  *See, e.g.*, *Immaculate Heart Cent. Sch. V. N.Y. State Public High Sch. Athletic Assoc.*, 797 F. Supp. 2d 204, 217 (N.D.N.Y. 2011) (collecting cases).

And the Havens cannot rely on the Equal Protection Clause, either, since they have not alleged that other, similarly situated students were treated more favorably than G.H.  *See, e.g.*, *McSweeney v. Bayport Bluepoint Cent. Sch. Dist.*, 864 F. Supp. 2d 240, 251-52 (E.D.N.Y. 2012).  Nor can plaintiffs invoke Title IX to make an end-run around these deficient constitutional claims.  *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257 (2009).  Plaintiffs' invocation of 42 U.S.C. § 1981 also fails, since that provision of law is concerned with race discrimination.  *See, e.g.*, *Andrews v. Fremantlemedia, N.A., Inc.*, 613 F. App'x 67, 69 (2d Cir. 2015) (summary order).  In sum, plaintiffs have offered no reasonable excuse for their failure to serve a complaint in response to the District's timely demand and

there is no indication of any potentially meritorious federal claims.  Accordingly, defendant's motion to dismiss will be granted.[5]

## V. CONCLUSION

Therefore, it is

ORDERED that

1. Defendant's motion to dismiss is GRANTED; and

2. Plaintiff's complaint is DISMISSED.

The Clerk of the Court is directed to terminate the pending motion and close the file.

IT IS SO ORDERED.

Dated: July 15, 2020
       Utica, New York.

_____
David N. Hurd
U.S. District Judge

---

[5] Because the parties are non-diverse, the suit was removed to federal court on federal question jurisdiction.  *See* Notice of Removal, Dkt. No. 1, p. 1 ¶ 3.  To the extent plaintiffs' pleading contains one or more claims based on state law, supplemental jurisdiction over those matters will be declined.  *See* 28 U.S.C. § 1367(c)(3).